*In re* ADAMS.

1. Habeas Corpus—Questions Reviewable.

On motion to dismiss writs of habeas corpus and ancillary certiorari because of alleged inexcusable delay of two years and eight months in prosecuting the proceedings, the Court does not pass upon the merits or demerits of petitioner's commitment because of default in furnishing bond ordered by circuit judge when stay of proceedings in prosecution for violation of an ordinance was granted and claimed by him to be a bail bond (3 Comp. Laws 1929, § 17362).

2. Process—Delay.

Defendant who was convicted of violating a zoning ordinance, placed on probation, ordered to pay $200 costs and desist in unlawful use of premises, who was committed after failing to give bond required when stay of proceedings was granted, who then petitioned Supreme Court for habeas corpus and delayed some two years and eight months without noticing the cause for hearing was not entitled to hearing thereon in the Supreme Court.

3. Same—Habeas Corpus—Delay in Noticing Cause for Hearing.

Where conduct of petitioner for habeas corpus in Supreme Court in failing to notice proceedings for hearing was inexcusably

dilatory, the subsequent giving of notice for hearing would neither obviate nor justify unexplained delay of some two years and eight months.

Habeas corpus by Pearl Adams to obtain her release from Wayne county jail with accompanying certiorari to Joseph A. Moynihan, Wayne circuit judge. Submitted April 10, 1946. (Calendar No. 42,491.) Motion to dismiss granted May 13, 1946.

*Maurice Sugar, N. L. Smokler* and *Morton A. Eden*, for petitioner.

*Albert E. Meder (Beaumont, Smith & Harris,* of counsel), for defendant circuit judge.

NORTH, J. This is an original habeas corpus proceeding in this Court wherein the writ was issued July 23, 1943. The occasion of issuing the writ is disclosed by the following: Pearl Adams, the petitioner, occupied a dwelling at 314 University Place in the city of Grosse Pointe. This property was subject to a zoning ordinance which prohibited the use of the property for other than a private dwelling. Petitioner was charged and convicted in the justice court of violating the ordinance in that she was using the property "for other than a private dwelling in that there is more than one housekeeping unit and the premises are occupied by more than one family." She appealed to the circuit court of Wayne county and on trial by jury was again convicted. The circuit judge thereupon placed petitioner on probation for two years subject to various conditions, among them being that plaintiff would pay $200 costs and discontinue the unlawful use of the dwelling. Shortly after the above disposition of the case was made by the circuit judge, petitioner and her counsel appeared before the circuit

court and announced that she desired to appeal the case and wished a stay of proceedings. Thereupon the circuit judge entered an order requiring the petitioner to file a bond in the sum of $1,000 with surety. Petitioner claims that the order was for an appeal bond; but the circuit judge asserts that it was a bail bond, for which the statute provides. See 3 Comp. Laws 1929, § 17362 (Stat. Ann. § 28.1105). Petitioner failed to give the bond, and thereupon on order of the circuit court she was taken into custody by the sheriff. On petition of Pearl Adams a writ of habeas corpus was issued out of this Court to the sheriff of Wayne county for the obvious purpose of inquiring into the legality of petitioner's commitment; and an ancillary writ of certiorari was issued to the circuit judge. His return thereto was timely made. By our order petitioner was released upon her own recognizance.

Except as hereinafter noted no further steps were taken in the habeas corpus proceedings. And, so far as the record before us discloses, petitioner has done nothing in the way of appealing from her conviction in the circuit court. On March 22, 1946, two years and eight months after the issuance of the writs of habeas corpus and certiorari, the circuit judge to whom certiorari was directed filed a motion to dismiss the petitioner's case, reciting as ground therefor her inexcusable delay in prosecuting the proceedings. She has filed opposition to the motion to dismiss.

We do not herein pass upon the merits or demerits of petitioner's commitment because of default by her in furnishing the bond ordered by the circuit judge. But it is obvious that by the procedure to which she resorted petitioner has avoided compliance with the terms of her probation as to paying the costs adjudged against her and has cir-

cumvented the trial court's enforcement of other terms of her probation, including supervision of her conduct by the probation officer as provided in the order of the circuit court. The motion to dismiss is meritorious. In arriving at this conclusion we are mindful that subsequent to filing the motion to dismiss and on April 9, 1946, petitioner's counsel noticed the habeas corpus proceedings for hearing. This, however, neither justifies nor obviates petitioner's inexcusable dilatory tactics, as to which she offers no satisfactory explanation or excuse.

The motion to dismiss the habeas corpus proceedings is granted, and costs may be taxed against petitioner.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.